UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA MORAND-DOXZON, on behalf of herself, all others similarly situated, and on behalf of the general public,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; and DOES 1-100,<br><br>　　　　　Defendants. | Case No. 20-cv-1258 DMS (BLM)<br><br>**ORDER DENYING MOTION TO REMAND** |

Pending before the Court is Plaintiff Melissa Morand-Doxzon's motion to remand this action to the San Diego Superior Court. Defendants Delaware North Companies Sportservice, Inc. and California Sportservice, Inc. filed a response in opposition to Plaintiff's motion. Plaintiff filed a reply. For the following reasons, the Court denies Plaintiff's motion.

**I.**

**BACKGROUND**

Plaintiff Melissa Morand-Doxzon was formerly employed by Defendants as a Club Bartender. (D's Opp. at 6.) On May 26, 2020, Plaintiff, on behalf of herself,

all others similarly situated, and on behalf of the general public, commenced the present action against Defendants in the San Diego County Superior Court. The Complaint alleges nine claims for relief: (1) failure to pay all straight time wages, (2) failure to pay all overtime wages, (3) failure to provide meal periods, in violation of Cal. Labor Code §§ 226.7 and 512 and the applicable California Industrial Welfare Commission ("IWC") Wage Order, (4) failure to authorize and permit rest periods, in violation of Cal. Labor Code § 226.7 and the applicable IWC Wage Order, (5) failure to provide suitable resting facilities for meal or rest periods, in violation of Cal. Labor Code § 226.7 and the applicable IWC Wage Orders, (6) knowing and intentional failure to comply with itemized employee wage statement provisions, in violation of Cal. Labor Code §§ 226, 1174 and 1175, and the applicable IWC Wage Order, (7) failure to pay all wages due at the time of termination of employment, in violation of Cal. Labor Code §§ 201-203, (8) violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA"), and (9) violation of unfair competition law, under Cal. Bus. & Prof. Code § 17200 *et seq*. The proposed class is defined as "[a]ll persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt Employees during the period of the relevant statute of limitations." (Compl. ¶ 32.)

On July 6, 2020, Defendants removed the case to this Court based on (1) the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, and (2) Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. In response to the Notice of Removal, Plaintiff filed the present motion, arguing that this case must be remanded (1) under CAFA's Local Controversy and Home State Controversy Exceptions, and (2) because Defendants have failed to satisfy their burden of showing that preemption under Section 301 of the LMRA applies to any of Plaintiff's causes of action.[1]

---

[1] The Court need not address the parties' argument as to whether there is federal question jurisdiction pursuant to Section 301 of the Labor Management Relations

# II.
# LEGAL STANDARD

The Class Action Fairness Act was passed by Congress "to permit defendants to remove class actions to federal court if they meet three requirements: there must be minimal diversity of citizenship between the parties; the proposed class must have at least 100 members; and the aggregated amount in controversy must equal or exceed the sum or value of $5 million." *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)). Furthermore, "no antiremoval presumption attends cases invoking CAFA," and its provisions must be interpreted "broadly in favor of removal." *Id.* at 1184 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). Although the party seeking removal still bears the burden of establishing removal jurisdiction, the party seeking remand bears the burden of showing that an exception to CAFA jurisdiction applies. *See*, *e.g.*, *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 883 (9th Cir. 2013); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007).

# III.
# DISCUSSION

Plaintiff argues that remand is proper because two exceptions to CAFA jurisdiction apply: the local controversy exception and the home state controversy exception. *See* 28 U.S.C. § 1332(d)(4). Plaintiff bears the burden of demonstrating that a CAFA exception applies. *See Mondragon*, 736 F.3d at 883.

**A. Local Controversy Exception**

The local controversy exception provides that district courts shall decline jurisdiction where (1) "more than two-thirds of the plaintiffs are citizens of California"; (2) "at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a California

---

Act, 29 U.S.C. § 185, because the Court finds it has subject matter jurisdiction over this action under CAFA.

citizen"; (3) "the principal injuries about which Plaintiffs complain were suffered in California"; and (4) "no similar class action has been filed against any of the defendants in the preceding three years." *Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 929 (9th Cir. 2015); 28 U.S.C. § 1332(d)(4)(A).  This exception is intended to be applied narrowly, "particularly in light of the purposes of CAFA." *Benko v. Quality Loan Service Corp.*, 789 F.3d 1111, 1116 (9th Cir. 2015).  Here, the first and second prongs are in dispute.  As discussed below, Plaintiff meets the second prong, but fails to meet the first prong, which are addressed in turn below.

### 1. Significant Defendant

CAFA provides that a case shall be remanded if, among other things, at least one defendant from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims is a California citizen.  A corporation is deemed to be a citizen of every State by which it has been incorporated *and* of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1) (emphasis added).  To determine a corporation's "principal place of business," courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities.  *The Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  In practice, the "principal place of business" should normally be the place where the corporation maintains its headquarters.  *Id*. at 93.

Here, Plaintiff first contends that California Sportservice, Inc. ("California Sportservice") is a California citizen because the California Secretary of State's website states that California Sportservice's "jurisdiction" is "California," and because the "Notice to Employee" provided to Plaintiff stated that the "physical address" of California Sportservice's "main office" is "100 Park Boulevard, San Diego, CA 92101." (P's Mot. at 10.)  Defendants argue that Plaintiff has not met her burden to show that California Sportservice is a California citizen because

Plaintiff submits no evidence of the corporation's principal place of business. On the contrary, Plaintiff states in her Complaint that California Sportservice is "headquartered in Buffalo, New York." (D's Opp. at 12; Compl. ¶ 3.) It may very well be that California Sportservice's principal place of business is in Buffalo, New York. But as noted earlier, a corporation is also deemed to be a citizen of the State in which it is incorporated. In her Reply, Plaintiff provides a copy of California Sportservice's Articles of Incorporation, which shows that it is incorporated in California. (P's Mot. at 3.) Therefore, California Sportservice is a corporation with California citizenship.

The next issue is whether California Sportservice's conduct constitutes "a significant basis" of Plaintiff's claims and whether Plaintiff seeks "significant relief" from California Sportservice. To determine this, courts must look only to the complaint rather than to extrinsic evidence. *Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010, 1016 (9th Cir. 2011).

First, to determine if the basis for the claims against California Sportservice is "significant" or "important or fairly large in amount or quantity," a comparison must be made between the allegations against California Sportservice and the other Defendant, Delaware North Companies Sportservice, Inc. ("Delaware North"). *See Benko*, 789 F.3d at 1118 (to determine "significant basis" of claims against a defendant, allegations against defendant in question must be compared to allegations made against other defendants). CAFA clarifies that examination of a defendant's "basis" must be made in the context of the overall "claims asserted." *Id*. Here, Plaintiff's Complaint alleges that California Sportservice employed Plaintiff and the putative class members, and violated their wage and hour rights in a number of ways. (Compl. ¶¶ 1, 5.) Plaintiff makes the same allegations against both California Sportservice and Delaware North. (*Id*.) Defendants argue that Plaintiff does not meet her burden to establish that California Sportservice's conduct forms a significant basis for the class claims because Plaintiff does not differentiate the

conduct between California Sportservice and Delaware North.  (D's Opp. at 14.)  But the Ninth Circuit has held that a plaintiff's complaint can allege the same violations of law against both defendants and still make a sufficient showing that the conduct of the defendant in question forms a significant basis for the claims asserted on behalf of the putative class.  *See Coleman*, 631 F.3d at 1020.  Simply because Plaintiff's complaint makes the same allegations against both Defendants does not make her allegations against California Sportservice insignificant.  Therefore, California Sportservice's conduct constitutes "a significant basis" for Plaintiff's claims.

Next, to determine if Plaintiff seeks "significant relief" from California Sportservice, the court is required to look to the remedies requested by Plaintiff in her Complaint.  *See Benko*, 789 F.3d at 1119 (citing *Coleman*, 631 F.3d at 1020).  Here, Plaintiff's Complaint seeks monetary relief for "unpaid wages, overtime, meal and rest period compensation, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs."  (Compl. ¶ 21.)  Plaintiff's Complaint also seeks "injunctive relief, restitution, and disgorgement of all benefits" that California Sportservice enjoyed from its "failure to pay all straight time wages, overtime wages, and meal and rest period compensation" and penalties for California Sportservice's failure to provide accurate itemized wage statements, failure to pay all wages owed at the termination of employment, and violation of the Labor Code Private Attorneys General Act of 2004  (Compl. ¶¶ 22, 107, 116-120, 125.)  Defendants again argue that Plaintiff fails to show that she is seeking "significant relief" from California Sportservice because Plaintiff does not differentiate how much she is seeking from California Sportservice as compared to Delaware North. (D's Opp. at 13.)  But just as in *Coleman*, where the Ninth Circuit found that the plaintiff sought sufficient relief against the local defendant in question even though the plaintiff sought damages equally from both defendants involved, there is nothing in Plaintiff's Complaint to suggest that California Sportservice is a nominal defendant or that the

relief sought is insignificant. *See Coleman*, 631 F.3d 1010 at 1020. Accordingly, Plaintiff's Complaint seeks "significant relief" from California Sportservice.

### 2. Citizenship of Plaintiffs

CAFA also provides that a case shall be remanded if, among other things, greater than two-thirds of the prospective class members are citizens of the state where the action was filed. *Mondragon*, 736 F.3d at 883-884. The statute does not provide that remand may be based simply on a plaintiff's allegations, when they are challenged by the defendant. *Id*. at 884. A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard. *Id*.

Here, simply based on Plaintiff's class definition, she alleges that two-thirds of the prospective class members are local state citizens. (P's Mot. at 9.) Defendants state that potential class members in this case (1) resided in 16 different states outside of California, during their employment and/or after their employment ended, (2) included many citizens of other states who took up temporary residence in California for seasonal employment during the summer, and (3) included some who were not United States citizens. (D's Opp. at 8-9.) Plaintiff does not provide any evidence to the contrary. By not doing so, Plaintiff fails to show that more than two-thirds of the prospective class members are citizens of California.[2] Therefore, the local controversy exception does not apply.

### B. Home State Controversy Exception

The home state controversy exception provides two bases for remand – one that is mandatory and another that is within the district court's discretion. *Adams v. West Marine Prods, Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). Under the mandatory home state exception, the district court must decline jurisdiction if "two-thirds or

---

[2] Should the Court find that Plaintiff has not met her burden of showing that two-thirds of the prospective class members are citizens of California, Plaintiff requests the Court deny Plaintiff's motion without prejudice to allow Plaintiff to refile after jurisdictional discovery. (P's Mot. at 3.) The Court denies this motion to remand without prejudice.

more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  Under the discretionary home state exception, the district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally filed." 28 U.S.C. § 1332(d)(3).  There are six factors for the district court to consider when deciding whether to decline jurisdiction under the discretionary home state exception.[3]  28 U.S.C. § 1332(d)(3)(A)-(F).  As noted, Plaintiff bears the burden of demonstrating that a CAFA exception applies.  *See Adams*, 958 F.3d at 1221.

Here, as discussed above, Plaintiff does not provide any evidence regarding the citizenship of the prospective class members and therefore the Court is unable to find that at least two-thirds of the class members are citizens of California. Therefore, Plaintiff fails to show that the mandatory home state exception applies.

Plaintiff further argues that the discretionary home state exception should apply because more than one-third of the class members are California citizens. However, Plaintiff does not provide any evidence in support and instead relies on "common sense judgments." (P's Mot. at 19; P's Reply at 6.)  To meet the burden of showing that a CAFA exception applies, Plaintiff "must provide some facts in evidence from which the district court may make findings regarding class members' citizenship" and such a finding must be based on more than mere "guesswork." *Adams*, 958 F.3d at 1221 (citations omitted).  Because Plaintiff fails to show that more than one-third of the class members are California citizens, the discretionary home state exception does not apply.

---

[3] The Court need not address these six factors because Plaintiff fails to show that more than one-third of the class members and the primary defendants are California citizens.  Therefore, the discretionary home state exception does not apply.

Finally, Plaintiff argues the foregoing exception applies because California Sportservice is the only "primary defendant" and Delaware North is merely a "secondary defendant." (P's Mot. at 17-18.) CAFA does not define "primary defendant." *See Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019). The Ninth Circuit has held that a court analyzing whether a defendant is a "primary defendant" should first assume that all defendants will be found liable. *Id.* at 1068. The court should then consider whether the defendant is sued directly or alleged to be directly responsible for the harm to the proposed class, as opposed to being vicariously or secondarily liable. *Id*. The court should also consider the defendant's potential exposure to the class relative to the exposure of other defendants. *Id*. Courts should not treat these considerations as exhaustive or apply them mechanistically. *Id.* The inquiry is whether a defendant is a "principal, fundamental, or direct" defendant. *Id.* (quoting *Vodenichar v. Halcon Energy Props., Inc*., 733 F.3d 497, 504 (3d Cir. 2013)). CAFA requires remand under the home state exception only if all primary defendants are citizens of the alleged home state. *Id*.

Here, Plaintiff argues that California Sportservice, which is a citizen of California, is the only primary defendant because it employed Plaintiff and is a subsidiary of Delaware North. (P's Mot. at 17.) Defendants argue that both California Sportservice and Delaware North are "primary defendants" in this case because Plaintiff alleges in her Complaint that both Defendants employed her and are equally liable to the potential class. (D's Opp. at 16.) Defendants argue the home state controversy exception does not apply because Delaware North, one of the primary defendants, is not a citizen of California. (*Id.*) The Court agrees with Defendants. As discussed earlier, Plaintiff does not differentiate between California Sportservice and Delaware North in her Complaint. Plaintiff states that she and other putative class members were employed by both Defendants (Compl. ¶ 1.), makes the same allegations against both Defendants (Compl. ¶¶ 5-20.), and seeks the same

relief from both Defendants (Compl. ¶¶ 21-22.). Because Plaintiff does not differentiate between the two Defendants in her Complaint, the Court finds that both California Sportservice and Delaware North are "primary defendants." Since it does not appear that Delaware North is a citizen of California, the home state exception – mandatory or discretionary – does not apply.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is denied.

**IT IS SO ORDERED.**

Dated:  November 2, 2020

*[signature]*

Hon. Dana M. Sabraw
United States District Judge

relief from both Defendants (Compl. ¶¶ 21-22.). Because Plaintiff does not differentiate between the two Defendants in her Complaint, the Court finds that both California Sportservice and Delaware North are "primary defendants." Since it does not appear that Delaware North is a citizen of California, the home state exception – mandatory or discretionary – does not apply.

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is denied.

**IT IS SO ORDERED.**

Dated:  November 2, 2020

*[signature]*

Hon. Dana M. Sabraw
United States District Judge