1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MELISSA MORAND-DOXZON, on behalf of herself, all others similarly situated, and on behalf of the general public,

        Plaintiff,

    v.

DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; and DOES 1-100,

        Defendants.

Case No. 20-cv-1258 DMS (BLM)

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

Pending before the Court is Plaintiff Melissa Morand-Doxzon's motion for leave to amend. Defendants Delaware North Companies Sportservice, Inc. and California Sportservice, Inc. filed a response in opposition to Plaintiff's motion. Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's motion.

## I.

## BACKGROUND

Plaintiff Melissa Morand-Doxzon was formerly employed by Defendants as a Club Bartender. (ECF No. 1-3 at 3.) On May 26, 2020, Plaintiff, on behalf of herself, all others similarly situated, and on behalf of the general public, commenced

the present action against Defendants in the San Diego County Superior Court.  The Complaint alleges nine claims for relief: (1) failure to pay all straight time wages, (2) failure to pay all overtime wages, (3) failure to provide meal periods, in violation of Cal. Labor Code §§ 226.7 and 512 and the applicable California Industrial Welfare Commission ("IWC") Wage Order, (4) failure to authorize and permit rest periods, in violation of Cal. Labor Code § 226.7 and the applicable IWC Wage Order, (5) failure to provide suitable resting facilities for meal or rest periods, in violation of Cal. Labor Code § 226.7 and the applicable IWC Wage Orders, (6) knowing and intentional failure to comply with itemized employee wage statement provisions, in violation of Cal. Labor Code §§ 226, 1174 and 1175, and the applicable IWC Wage Order, (7) failure to pay all wages due at the time of termination of employment, in violation of Cal. Labor Code §§ 201–203, (8) violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA"), and (9) violation of unfair competition law, under Cal. Bus. & Prof. Code § 17200 *et seq*. (ECF No. 1-2.)  The proposed class is defined as "[a]ll persons who are employed or have been employed by Defendants in the State of California as hourly, Non-Exempt Employees during the period of the relevant statute of limitations."  (*Id.* at 14.)  On July 6, 2020, Defendants removed the case to this Court based on (1) the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, and (2) Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

On August 12, 2020, the Court issued its Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings.  The Order provided that any "motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **October 9, 2020**."  (ECF No. 11.)

On October 9, 2020, Plaintiff filed a motion requesting leave to amend her complaint under Rule 15(a) of the Federal Rules of Civil Procedure ("Rule 15(a)"), accompanied by a proposed first amended complaint ("FAC").  The FAC adds San Diego Sportservice, Inc. ("San Diego Sportservice") as a defendant to the action and

1   further adds Ross Geraci as a plaintiff.  Defendants argue the Court should deny

2   Plaintiff's motion because it violates the permissive joinder provisions of Rule 20 of

3   the Federal Rules of Civil Procedure ("Rule 20"), and, alternatively, fails to meet the

4   requirements of Rule 15(a).

5                                         **II.**

6                                **LEGAL STANDARDS**

7        A. Rule 15(a) Standard

8        Under Rule 15(a), a party may amend her pleading "once as a matter of course

9   at any time before a responsive pleading is served."  Fed. R. Civ. P. 15(a)(1).

10  Otherwise, a party may amend "only by leave of the court or by written consent of

11  the adverse party." *Id.* 15(a)(2).  Rule 15 mandates that district courts "should freely

12  give leave [to amend] when justice so requires." *Id.*  Therefore, the decision to grant

13  leave to amend is one that rests in the discretion of the trial court. *See International*

14  *Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390

15  (9th Cir. 1985).  "This policy is to be applied with extreme liberality."  *Eminence*

16  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation

17  omitted).  However, leave to amend "is not to be granted automatically." *Jackson*

18  *v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

19       In determining whether to allow an amendment, courts generally consider five

20  factors, known as the *Foman* factors: (1) "undue delay," (2) "bad faith or dilatory

21  motive on the part of the movant," (3) "repeated failure to cure deficiencies by

22  amendments previously allowed," (4) "undue prejudice to the opposing party by

23  virtue of allowance of the amendment," and (5) "futility of amendment." *Foman v.*

24  *Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d

25  1097, 1101 (9th Cir. 2004) (citing the *Foman* factors). "Not all of the [*Foman*]

26  factors merit equal weight…. [I]t is the consideration of prejudice to the opposing

27  party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing

28  *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)); *Howey v.*

1    *United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) ("the crucial factor is the
2    resulting prejudice to the opposing party").

3           While a court's "liberality in granting leave to amend is not dependent on
4    whether the amendment will add causes of action or parties," *DCD Programs,* 833
5    F.2d at 186, both Rule 15 and Rule 20 are implicated when a party moves to amend
6    its complaint to add a party.  *See Desert Empire Bank v. Ins. Co. of North Am.*, 623
7    F.2d 1371, 1374 (9th Cir. 1980) ("plaintiff's petition to amend its pleadings to add
8    [a party] brings into consideration Rules 15 and 20 of the Federal Rules of Civil
9    Procedure").

10          B. <u>Rule 20 Standard</u>

11          Rule 20(a) imposes two requirements for joining parties to an action: "(1) a
12   right to relief must be asserted by, or against, each plaintiff or defendant relating to
13   or arising out of the same transaction or occurrence; and (2) some question of law or
14   fact common to all the parties will arise in the action."  *League to Save Lake Tahoe*
15   *v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); Fed. R. Civ. P.
16   20(a)(1)–(2).

17          In addition to these two requirements, "a trial court must consider … other
18   relevant factors ... in order to determine whether the permissive joinder of a party
19   will comport with the principles of fundamental fairness."  *Desert Empire Bank*, 623
20   F.2d at 1375.  These factors are: (1) "possible prejudice that may result to any of the
21   parties in the litigation," (2) "the delay of the moving party in seeking an amendment
22   to his pleadings," (3) "the motive that the moving party has in seeking such
23   amendment," (4) "the closeness of the relationship between the new and the old
24   parties," (5) "the effect of an amendment on the court's jurisdiction," and (6) "the
25   new party's notice of the pending action."  *Id.*  Like the policy in favor of freely
26   granting leave to amend under Rule 15, the standard for permissive joinder under
27   Rule 20 "is to be construed liberally."  *League to Save Lake Tahoe*, 558 F.2d at 917.
28   / / /

# III.

# DISCUSSION

As noted above, the Court must analyze Plaintiff's motion for leave to amend the complaint to add parties under both Rule 15 and Rule 20. *See Desert Empire Bank*, 623 F.2d at 1374. Each rule is addressed below.

A. Rule 15(a)

The Court begins its analysis with a presumption in favor of granting Plaintiff leave to amend. *See Eminence Capital*, 316 F.3d at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend"). Defendants bear the burden of overcoming this presumption. *See DCD Programs*, 833 F.2d at 187 ("The party opposing amendment bears the burden of showing prejudice.")

Defendants fail to meet this burden. Defendants do not allege bad faith, and there were no previous amendments to the complaint. As to the remaining three factors, the Court finds that Defendants do not sufficiently demonstrate that undue delay, futility, or prejudice would result from granting leave to amend the complaint in this case.

1. *Undue Delay*

Defendants argue that Plaintiff unduly delayed in moving for leave to amend the complaint because she "knew or should have known the facts and theories raised by the amendment in the original pleading." (ECF No. 22 at 18 (quoting *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 954 (9th Cir. 2006).) Defendants cite an email between Plaintiff and her former employer, California Sportservice, Inc., to show that she was aware of the basis to add San Diego Sportservice as a defendant as far back as 2016. (*Id.* (citing ECF No. 19-2, 108–113).) Plaintiff, by contrast, argues that she was not aware of the basis to add San Diego Sportservice as a defendant until after receiving Defendants' discovery responses from Defendants and undergoing a deposition in September 2020. (ECF

1    No. 19-1 at 7–8.)

2           Defendants' argument here fails.  The Court finds that the emails Defendants

3    cite do not clearly indicate that San Diego Sportservice ran the Qualcomm Stadium

4    operation.  While two emails contain text reading "San Diego Sportservice," the text

5    immediately following that line reads "Delaware North." (ECF No. 19-2 at 110,

6    112.)  The emails are all from addresses with a Delaware North domain name and

7    instruct Plaintiff to contact another party with a Delaware North email address to

8    accept work at the Stadium.  (*Id*. at 108–113.)  One of the emails asks Plaintiff to

9    work at the Stadium without any reference to San Diego Sportservice.  (*Id*. at 108–

10   109.)  A reasonable recipient of these emails would not be expected to understand

11   that the relevant operations at Qualcomm Stadium were run by an entity separate

12   from Delaware North called San Diego Sportservice.  Therefore, the Court finds that

13   Plaintiff was not on notice of the facts raised by the amendment as to San Diego

14   Sportservice until she received Defendant's discovery responses.

15          Furthermore, Plaintiff filed her motion for leave to amend before the deadline

16   to amend the pleadings—only five months after filing the initial complaint and one

17   month after learning about San Diego Sportservice's role at Qualcomm Stadium.

18   This does not constitute undue delay in moving for leave to add San Diego

19   Sportservice as a defendant in this action.

20          Defendants do not argue that the addition of Mr. Geraci was unduly delayed.

21   Because the burden to demonstrate undue delay lies with Defendant, the Court finds

22   that this factor weighs in favor of granting leave to amend.

23          2.  *Futility*

24          Defendants further argue that allowing Plaintiff to amend the complaint to add

25   San Diego Sportservice as a defendant to this action would be futile because Plaintiff

26   has not "allege[d] some specific facts such as whether [it] pays [her] salary and taxes,

27   owns the equipment necessary for [her] to perform [her] job, has authority to hire,

28   train, fire, or discipline [her], or has discretion to set [her] salary." (ECF No. 22 at

1  16 (quoting *Perez v. DNC Parks & Resorts at Sequoia, Inc.*, 2020 WL 4344911, at
2  * 3 (E.D. Cal. July 29, 2020).)  However, "[a] proposed amendment is futile only if
3  no set of facts can be proved under the amendment to the pleadings that would
4  constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845
5  F.2d 209, 214 (9th Cir. 1988).  Case law indicates that where there is a colorable
6  claim, courts must grant leave to amend.  *See DCD Programs*, 833 F.2d at 188.
7  Here, for example, Plaintiff seeks leave to amend the complaint to allege that she
8  worked for San Diego Sportservice without receiving legally required meal periods
9  and compensation for time spent going through mandatory security screening. These
10  are colorable claims.  Therefore, Plaintiff's amendment would not be futile.

11  Defendants also argue that adding Ross Geraci as a plaintiff would be futile
12  for three reasons.  *First*, they assert that Geraci's rights to assert claims under Labor
13  Code 226 and PAGA are time-barred. (ECF No. 22 at 19.)  However, as Plaintiff
14  notes in her Reply, the FAC does not add Geraci as a plaintiff for those causes of
15  action. (ECF No. 24 at 10; ECF No. 19-2 at 30–31, 34–35.)  A claim that is not made
16  cannot be found to be futile.

17  *Second*, Defendants contend that Geraci does not have standing to seek
18  injunctive relief because he is no longer employed by Defendants.  (ECF No. 22 at
19  19.)  Defendants rely on a Ninth Circuit decision in which the court found that two
20  former employees lacked standing to seek injunctive relief.  (*Id.* (citing *Ellis v.
21  Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011).)  That case arose under
22  federal employment discrimination law. *Ellis*, 657 F.3d at 974, 977.  By contrast,
23  the present case arises under California's Unfair Competition Law ("UCL"), Ca.
24  Bus. & Prof. Code § 17200, et seq. (ECF No. 19-2 at 35.)  The UCL provides that
25  "Any person who engages, has engaged, or proposes to engage in unfair competition
26  may be enjoined in any court of competent jurisdiction."  § 17203.  It further
27  specifies that any "person who has suffered injury in fact and has lost money or
28  property as a result of the unfair competition" has standing to "pursue representative

1
2
3
4
5
6

claims or relief on behalf of others."  *Id.*; § 17204.  This Court has held former employees may bring claims for injunctive relief under the UCL.  *See Rosenberg v. Renal Advantage, Inc.*, 2013 WL 3205426, at \*10 (S.D. Cal. June 24, 2013) (citing *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal.4th 163, 169 (2000)). The Court therefore finds that Geraci's claim for equitable relief under the UCL is not futile.

7
8
9
10
11
12
13
14
15

*Third*, Defendants argue that the proposed FAC lacks facts sufficient to support a claim for relief by Geraci under the Fed. R. Civ. P. 8 pleading standards set forth in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However, the motion before the court is not a motion to dismiss. "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Contasti v. City of Solana Beach*, 2010 WL 318404, at \*2 (S.D. Cal. Jan. 20, 2010) (quoting *Netbula v. Distinct Corp.,* 212 F.R.D. 534, 539 (N.D. Cal. 2003)). Accordingly, the Court declines to address this argument on the present motion.

16

3.  *Prejudice*

17
18
19
20
21
22

"'Prejudice,' in the context of a motion for leave to amend, means 'undue difficultly in prosecuting a lawsuit as a result of a change in tactics or theories on the part of the other party.'"  *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (quoting *Deakyne v. Cmmsrs. of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969).  "To justify denying leave to amend, the prejudice to the non-moving party must be 'substantial.'"  *Id.*

23
24
25
26
27
28

Defendants argue that the adding San Diego Sportservice would unduly prejudice them by "driving up litigation costs" and "causing delays in the case." (ECF No. 22 at 17.)  Defendants claim that all the discovery in the case would have to be repeated if Plaintiff is permitted to add San Diego Sportsetvice as a defendant. (*Id.*)  That is not correct.  While new discovery will certainly be propounded, it seems likely that most of the new discovery obligations arising out of this addition would

1   implicate San Diego Sportservice, not the Defendants named in the original
2   complaint.  Defendants also claim that granting leave to amend would cause delays.
3   This may be the case, but "delay alone is not sufficient to establish prejudice, nor is
4   a need for additional discovery."  *Wizards of the Coast*, 309 F.R.D. at 652
5   (citing *Amersham Pharmacia Biotech, Inc. v. Perkin–Elmer Corp.,* 190 F.R.D. 644,
6   648 (N.D. Cal. 2000)).  The Court is not convinced that allowing Plaintiff to amend
7   the complaint to add San Diego Sportservice as a party would substantially prejudice
8   Defendants.

9          Defendants have failed to overcome the presumption in favor of leave to
10  amend.  Therefore, leave should be granted so long as the proposed amendment
11  conforms to the requirements of Rule 20.

12         B.    Rule 20

13         Defendants argue that Plaintiff's failure to notice and address Rule 20 in her
14  motion renders the motion procedurally defective and creates grounds for denial.
15  (ECF. 22 at 13.)  They cite two unpublished district court positions in support of this
16  proposition.  (*Id.* (citing *Boulton v. Am. Transfer Servs., Inc.*, 2016 WL 164316, at
17  *4 (S.D. Cal. Jan. 13, 2016); *Ellsworth v. Prison Health Servs., Inc.*, 2012 WL
18  1107754, at * 3 (D. Ariz. Mar. 31, 2012)).)  However, the strong policies favoring
19  amendment under Rule 15 and joinder under Rule 20 counsel against Defendants'
20  invitation and suggest the Court ought to evaluate the merits of Plaintiff's motion,
21  particularly since Defendants have had an opportunity to fully brief the issues.  *See*
22  *League to Save Lake Tahoe*, 558 F.2d at 917 ("[Rule 20] is to be construed liberally
23  in order to promote trial convenience and to expedite the final determination of
24  disputes, thereby preventing multiple lawsuits").  It is therefore appropriate to
25  consider whether the addition of parties here satisfies the requirements of Rule 20.

26         1.  *Same Transaction or Occurrence*

27         Under Rule 20, parties may be joined only where a right to relief asserted by,
28  or against, each plaintiff or defendant relates to or arises out of the same transaction

1    or occurrence, or series of transactions or occurrences.  Fed. R. Civ. P. 20(a)(1)(A)

2    and (a)(2)(A).   There is no hard and fast rule for determining whether this

3    requirement has been satisfied; courts evaluate such questions on a case-by-case

4    basis. *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974). "The

5    Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of

6    transactions or occurrences' to require a degree of factual commonality underlying

7    the claims." *Bravado Int'l Grp. Merch. Servs. v. Cha,* 2010 WL 2650432, at \*4

8    (C.D. Cal. Jun.30, 2010) (citing *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th

9    Cir. 1997)).  Some courts have held that "Rule 20 simply requires 'related activities'

10    and 'similarity in the factual background of a claim.'" *Maranon v. Santa Clara*

11    *Stadium Authority*, 2017 WL 1436115, at \*2 (N.D. Cal. Apr. 24, 2017)

12    (quoting *Jacques v. Hyatt Corp.*, 2012 WL 3010969, at \*3 (N.D. Cal. July 23,

13    2012)).

14        The Court is satisfied that Plaintiff's allegations against Defendants and San

15    Diego Sportservice arise out of the same series of transactions or occurrences.  The

16    proposed FAC alleges that Defendants and San Diego Sportservice had a joint-

17    employer relationship with Plaintiff.  (ECF No. 19-2 at 7.)  Plaintiff further alleges

18    that Defendants and San Diego Sportservice both failed to pay Plaintiff for time

19    spent "waiting in line and going through mandatory security checks when Non-

20    Exempt Employees enter and exit the work facility [and] waiting in line to access

21    time clocks" in violation of state law (*Id.* at 7, 20–21, 23.)  The allegations of joint-

22    employer status and unlawful employment activity by Defendants *and* San Diego

23    Sportservice, sufficiently allege similar and related activities to meet this

24    requirement.

25        The proposed FAC further alleges that Geraci was subjected to many of the

26    same policies as Plaintiff.  Defendants do not contest that the allegations against

27    Geraci arise out of the same series of transactions or occurrences as Plaintiff's

28    claims.   The Court therefore finds that Geraci's allegations also satisfy the

1    requirements of Rule 20(a)(1)(A).

2         2. *Common Question of Law or Fact*

3         Under Rule 20, adding a party to an action also requires that some question of

4    law or fact common to all parties must arise in the action. Fed. R. Civ. P. 20(a)(1)(B)

5    and (a)(2)(B).  This requirement only requires one common question. *See Rush v.*

6    *Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015).  Here, Plaintiff points to

7    several common questions that relate to all parties, including San Diego Sportservice

8    and Geraci: "(1) whether the time employees spend undergoing the security

9    procedures is compensable time under California law; (2) whether the security

10   procedures infringe on employees' meal period time thereby depriving employees

11   of lawful meal periods under California law; and (3) whether the security procedures

12   infringe on employees' rest period time thereby depriving employees of lawful rest

13   periods under California law." (ECF No. 24 at 13.)  The Court finds that all three of

14   these questions would be common to all parties were San Diego SportService and

15   Geraci to be joined in this action.

16        3. *Fundamental Fairness Factors*

17        Finally, as Defendants note in their Opposition, joinder of parties must

18   comport with principles of fundamental fairness.  (ECF No. 22 at 10 (citing *Desert*

19   *Empire Bank*, 623 F.2d at 1375).)  Several of these factors overlap with the factors

20   used to determine whether granting leave to amend is proper.  The Court has already

21   applied those factors to the proposed FAC, so it will not do so again here.

22        Three yet unexamined factors remain: (1) "the closeness of the relationship

23   between the new and the old parties," (2) "the effect of an amendment on the court's

24   jurisdiction," and (3) "the new party's notice of the pending action." *Desert Empire*

25   *Bank*, 623 F.2d at 1375. While Defendants raise the issue that the Court must

26   consider these factors, they do not specifically contest whether they have been

27   satisfied.  In her Reply, however, Plaintiff argues that these factors favor joinder.

28   (ECF No. 24 at 13–14.)  The Court agrees. The new and old parties are close. San

1  Diego Sportservice and Defendant California Sportservice are subsidiaries of

2  Defendant Delaware North Sportservice, and Plaintiff and Geracci are former co-

3  workers.  The Court's jurisdiction appears unaffected by the addition of the new

4  parties.  And the close relationship between San Diego Sportservice and Defendants

5  indicates it is likely on notice of this action.

6                                           **IV.**

7                                   **CONCLUSION**

8       For the foregoing reasons, Plaintiff's motion for leave to amend is granted.

9       **IT IS SO ORDERED.**

10  Dated:  March 4, 2021

11

12                                   Hon. Dana M. Sabraw
                                     Unites States Chief District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28