David Mara, Esq. (SBN 230498)
Jill Vecchi, Esq. (SBN 299333)
**MARA LAW FIRM, PC**
2650 Camino Del Rio North, Suite 205
San Diego, California 92108
Telephone: (619) 234-2833
Facsimile: (619) 234-4048

Attorneys for MELISSA MORAND- DOXZON
and ROSS GERACI, on behalf of themselves,
all others similarly situated,
and on behalf of the general public.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

MELISSA MORAND- DOXZON, on behalf of herself, all others similarly situated, and on behalf of the general public,

Plaintiffs,

v.

DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; and DOES 1-100,

Defendants.

Case No. 3:20-cv-01258-DMS-BLM

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND RESTITUTION**

1) **Failure to Pay All Straight Time Wages;**
2) **Failure to Pay All Overtime Wages;**
3) **Failure to Provide Meal Periods (Lab. Code §§ 226.7, 512, IWC Wage Order No. 5-2001(11); Cal. Code Regs., tit. 8 § 11050);**
4) **Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 5-2001(12); Cal. Code Regs. Title 8 § 11050);**
5) **Failure to Provide Suitable Resting Facilities for Meal or Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 5-2001 §§ 11(E) and (13)(B));**
6) **Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175);**
7) **Failure to Pay All Wages Due at the Time of Termination of Employment (Lab. Code §§201-203);**
8) **Violations of the Labor Code Private Attorneys General Act of 2004 ("PAGA"); and**
9) **Violation of Unfair Competition Law (Bus. & Prof. Code § 17200, et seq.).**

**DEMAND FOR JURY TRIAL**

Plaintiffs Melissa Morand- Doxzon and Ross Geraci, on behalf of themselves, all others similarly situated, and on behalf of the general public, complain of Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES and for causes of action and alleges:

1. This is a class action pursuant to California Code of Civil Procedure section 382 on behalf of Plaintiffs, Melissa Morand-Doxzon and Ross Geraci, and all non-exempt, hourly workers who are presently or formerly employed by Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES and/or their subsidiaries or affiliated companies and/or predecessors within the State of California.

2. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES provide food and beverage concessions, premium dining, entertainment, lodging, and retail services to its customers. (https://www.delawarenorth.com/about (Last visited February 24, 2020)). Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES provide services at "sports stadiums, entertainment complexes, national and state parks, airports, and casinos" throughout California. *Id.*

3. Defendant Delaware North Companies Sportservice, Inc. is headquartered in Buffalo, New York. Defendant California Sportservice, Inc. operates out of Petco Park in San Diego, California and is incorporated in California. Defendant San Diego Sportservice, Inc. operates out of Qualcomm Stadium in San Diego, California. The companies have strong footholds in California, operating out of multiple locations in California and providing foodservice and retail management services throughout the state, including the county of San Diego.

4. To accomplish its goal of being "a global leader in hospitality," Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES employ Non-Exempt Employees in California to provide foodservice

1   and retail management services to customers.

2 5.   Throughout the time period that includes the four years prior to filing this action to the

3   present (the "Statutory Period"), Defendants Delaware North Companies Sportservice,

4   Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have

5   maintained uniform policies that violate the wage and hour rights of Plaintiffs and similarly

6   situated Non-Exempt Employees in the manner complained of herein.

7 6.   Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

8   Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, each and

9   collectively, controlled the wages, hours, and working conditions of Plaintiffs and the

10   proposed class, creating a joint-employer relationship over Plaintiffs and the Non-Exempt

11   Employees.

12 7.   Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

13   Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have had a

14   consistent policy and/or practice of failing to provide all straight time and overtime wages

15   owed to Non-Exempt Employees, as mandated under the California Labor Code and the

16   implementing rules and regulations of the Industrial Welfare Commission's ("IWC")

17   California Wage Orders.

18 8.   Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

19   Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have had a

20   continuous and widespread policy of "clocking-out" Plaintiff and those similarly situated

21   for thirty (30) minute meal periods, even though Plaintiffs and those similarly situated were

22   suffered and/or permitted to work during these deduction periods, thereby deducting thirty

23   (30) minutes of paid time, including straight time and overtime.

24 9.   Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

25   Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have not

26   paid for all time worked while the Non-Exempt Employees are performing work and/or are

27   subject to Defendants' and/or DOES' control. For example, Defendants and/or DOES fail

28

to pay Non-Exempt Employees for the following time: waiting in line and going through mandatory security checks when Non-Exempt Employees enter and exit the work facility; waiting in line to access time clocks; pre-and post-shift work, and all other time during which Non-Exempt Employees are subject to the control of Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES and/or suffered or permitted to work during periods of time for which Defendants and/or DOES are not paying them. Failing to pay for all hours worked while under Defendants' and/or DOES' control and/or while suffered or permitted to work has resulted in Non-Exempt Employees being deprived of straight time and/or overtime wages throughout the Statutory Period.

10. Throughout the Statutory Period, and through uniform policies applicable to all Non-Exempt Employees, Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES fail to provide Non-Exempt Employees with meal periods that comply with California law and fail to authorize and permit rest periods that comply with California law.

11. Throughout the Statutory Period, Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws, and automatically deducting a half hours pay from their wages.

12. Throughout the Statutory Period, Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES did not have a policy of allowing its hourly employees working shifts of ten (10) or more hours in a day to take a second meal period of not less than thirty (30) minutes as required by the applicable Wage

1    Order of the IWC.

2    13.    Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

3    Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have had a

4    consistent policy of requiring Non-Exempt Employees within the State of California,

5    including Plaintiff, to work over ten (10) hours without providing an additional,

6    uninterrupted meal period of thirty (30) minutes and failing to pay such employees one (1)

7    hour of pay at the employees' regular rate of compensation for each workday that the meal

8    period is not provided, or other compensation, as required by California's state wage and

9    hour laws.

10   14.    Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

11   Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.;  and/or DOES have had a

12   consistent policy and/or practice of requiring its Non-Exempt Employees within the State

13   of California, including Plaintiff, to work for over four hours, or a major fraction thereof,

14   without a 10 minute rest period, and failing to pay such employees one (1) hour of pay at

15   the employees' regular rate of compensation for each workday that the rest period is not

16   provide, or other compensation, as required by California's state wage and hour laws.

17   15.    Throughout the Statutory Period, and through uniform policies applicable to all Non-

18   Exempt Employees, Defendants Delaware North Companies Sportservice, Inc.; California

19   Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES fail to provide Non-Exempt

20   Employees with suitable resting facilities for meal or rest periods. No separate facilities

21   were made available to Non-Exempt Employees to take a meal or rest period.

22   16.    Throughout the Statutory Period, and through uniform policies applicable to all Non-

23   Exempt Employees, Defendants Delaware North Companies Sportservice, Inc.; California

24   Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have failed to comply with

25   IWC Wage Order 5-2001(7) by failing to maintain accurate time records showing hourly

26   compensation, when the employee begins and ends each work day and total daily hours

27   worked by itemizing in wage statements and accurately reporting total hours worked by

28

1      Plaintiff Melissa Morand-Doxzon and members of the proposed class.

2 17.    Throughout the Statutory Period, Defendants' and/or DOES' failure to retain accurate

3      records of total hours worked by Plaintiff Melissa Morand-Doxzon and the proposed class

4      was willful and deliberate, was a continuous breach of Defendants' and/or DOES' duty

5      owed to Plaintiff and the Non-Exempt Employees.

6 18.    Throughout the Statutory Period and through uniform policies applicable to all Non-

7      Exempt Employees, Defendants Delaware North Companies Sportservice, Inc.; California

8      Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES knowingly and intentionally

9      provides wage statements to employees that fail to specifically itemize everything required

10      under Labor Code section 226(a). Plaintiffs and members of the proposed class are entitled

11      to penalties not to exceed $4,000 for each employee pursuant to Labor Code section 226(b).

12 19.    Throughout the Statutory Period and through uniform policies applicable to all Non-

13      Exempt Employees, Defendants Delaware North Companies Sportservice, Inc.; California

14      Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES knowingly and intentionally

15      fail to pay all wages owed to Non-Exempt Employees in a timely manner at the time Non-

16      Exempt Employees terminate their employment – either voluntarily or involuntarily – with

17      Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

18      San Diego Sportservice, Inc.; and/or DOES.

19 20.    Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

20      Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, by failing

21      to lawfully pay Plaintiffs and those similarly situated all the wages they are owed, engaged

22      in false, unfair, fraudulent and deceptive business practices within the meaning of the

23      Business and Professions Code section 17200, et seq.

24 21.    Plaintiffs Melissa Morand- Doxzon and Ross Geraci, on behalf of themselves and all of

25      Defendants' and/or DOES' Non-Exempt Employees employed at any time during the

26      Statutory Period pursuant to California Labor Code Sections 218, 218.5, 222, 223, 224,

27      226, subd. (b), 226.3, 226.7. 510, 512, 515, 558, 1194, 1194.2, 1197, and California Code

28

1     of Regulations, Title 8, section 11050, seeking unpaid wages, overtime, meal and rest

2     period compensation, penalties, injunctive and other equitable relief, and reasonable

3     attorneys' fees and costs.

4 22.    Plaintiffs Melissa Morand- Doxzon and Ross Geraci, on behalf of themselves and all of

5     Defendants' and/or DOES' Non-Exempt Employees employed at any time during the

6     Statutory Period, pursuant to California Business and Professions Code sections 17200-

7     17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendants

8     Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego

9     Sportservice, Inc.;  and/or DOES enjoyed from their failure to pay all straight time wages,

10    overtime wages, and meal and rest period compensation.

11       **I.**   **VENUE**

12 23.    Venue as to each Defendant, Delaware North Companies Sportservice, Inc.; California

13    Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, is proper in this judicial

14    district, pursuant to Code of Civil Procedure section 395. Defendants Delaware North

15    Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.;

16    and/or DOES conduct business and commit Labor Code violations within San Diego

17    County, and each Defendant and/or DOE is within California for service of process

18    purposes. The unlawful acts alleged herein have a direct effect on Plaintiffs and those

19    similarly situated within the State of California and within San Diego County. Defendants

20    Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego

21    Sportservice, Inc.; and/or DOES employ numerous Non-Exempt Employees who work in

22    San Diego County, in California.

23       **II.**   **PARTIES**

24 **A.**   **Plaintiffs**.

25 24.    Throughout the Statutory Period, Plaintiffs Melissa Morand- Doxzon and Ross Geraci are

26    and were a resident of California. During the Statutory Period, Plaintiffs Melissa Morand-

27    Doxzon and Jeff Geraci were employed by Defendants Delaware North Companies

28

Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES in California and performed work in San Diego County.

25. On or about December 19, 2019, Plaintiff Melissa Morand-Doxzon filed a Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3 with the Labor and Workforce Development Agency ("LWDA"). To date, Plaintiff Melissa Morand-Doxzon has not received notice that the LWDA will be taking action in response to Plaintiff's Notice.

26. Plaintiffs and the proposed class of similarly situated Non-Exempt Employees are covered by, inter alia, California IWC Occupational Wage Order No. 5-2001, and Title 8, California Code of Regulations, § 11050.

**B.** **Defendants**.

27. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; and San Diego Sportservice, Inc. are "one of the world's largest privately held companies," specializing in "food and beverage concessions, premium dining, entertainment, lodging, and retail." (Last visited February 24, 2020)).

28. Delaware North Companies Sportservice, Inc. is headquartered in Buffalo, New York. Defendant California Sportservice, Inc. operates out of Petco Park in San Diego, California and is incorporated in California. Defendant San Diego Sportservice, Inc. operates out of Qualcomm Stadium in San Diego, California. The companies have a strong foothold in California, operating out of multiple locations in California, including the county of San Diego.

29. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES employed Plaintiffs and similarly situated Non-Exempt Employees in California.

30. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1-100, inclusive, are presently unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants

1  designated herein as a DOE is legally responsible in some manner for the unlawful acts
2  referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the
3  true names and capacities of the Defendants designated hereinafter as DOES when such
4  identities become known.

5  31.  Plaintiffs are informed and believe, and based thereon allege, that each Defendant and/or
6  DOE acted in all respects pertinent to this action as the agent of the other Defendants and/or
7  DOES, carried out a joint scheme, business plan or policy in all respects pertinent hereto,
8  and the acts of each Defendants and/or DOES are legally attributable to the other
9  Defendants and/or DOES.

## III.  CLASS ACTION ALLEGATIONS

32.  Plaintiffs bring this action on behalf of themselves and all others similarly situated as a
class action pursuant to section 382 of the California Code of Civil Procedure. Plaintiffs
seek to represent a Class composed of and defined as follows:

> All persons who are employed or have been employed by
> Defendants in the State of California as hourly, Non-Exempt
> Employees during the period of the relevant statute of limitations.
> ("Class Members").

Plaintiffs also seek to represent subclasses composed of and defined as follows:

> All Class Members who worked one (1) or more shifts in excess of
> five (5) hours.

> All Class Members who worked one (1) or more shifts in excess of
> six (6) hours.

1          All Class Members who worked one (1) or more shifts in excess of

2          ten (10) hours.

All Class Members who worked one (1) or more shifts in excess of twelve (12) hours.

All Class Members who worked one (1) or more shifts in excess of two (2) hours.

All Class Members who worked one (1) or more shifts in excess of three (3) hour and one-half hours, but less than or equal to six (6) hours.

All Class Members who worked one (1) or more shifts in excess of six (6) hours, but less than or equal to ten (10) hours.

All Class Members who separated their employment from Defendants.

All Class Members who worked one (1) or more shifts in which they received a wage statement for the corresponding pay period.

All Class Members who were not paid wages for meal periods.

All Class Members who were not paid for all time during which they were subject to the control of Defendants and/or suffered or permitted to work for Defendants during the relevant period of the

1 statute of limitations.

2

3 All Class Members who were not provided with a suitable resting

4 facility to take meal and/or rest periods.

5

6 33. Plaintiffs reserve the right under rule 1855, subdivision (b), California Rules of Court, to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

9 34. This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the California Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

13 **A.** **Numerosity**.

14 35. The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class members has not been determined at this time, Plaintiffs are informed and believe that Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES currently employ, and during the liability period employed, over one thousand (1,000) Class Members in San Diego County and dispersed throughout California during the liability period and who are or have been affected by Defendants' and/or DOES' policies of wage theft, failure to pay all straight and overtime wages owed, failure to provide meal and/or rest periods without the appropriate legal compensation, failure to provide suitable resting facilities, willful failure to pay all wages due at time of separation from employment, failure to timely pay waiting time monies, and knowing and intentional failure to provide accurate and itemized employee wage statements.

27 36. Accounting for employee turnover during the relevant periods increases this number

28

substantially. Upon information and belief, Plaintiffs allege Defendants' and/or DOES' employment records will provide information as to the number and location of all Class members. Joinder of all members of the proposed Class is not practicable.

**B.** **Commonality.**

37. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation:

(1) Whether Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to pay its Non-Exempt Employees all earned wages at the regular rate for all hours worked.

(2) Whether Defendants Delaware North Companies Sportservice, Inc.'s; California Sportservice, Inc.'s; San Diego Sportservice, Inc.'s; and/or DOES' uniform policies and/or practices whereby Non-Exempt Employees were pressured and/or incentivized to forego taking meal and/or rest periods.

(3) Whether Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES violated the Labor Code and/or applicable IWC Wage Orders in failing to provide Non-Exempt Employees with suitable resting facilities.

(4) Whether Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES violated Labor Code section 226.7, IWC Wage Order No. 5-2001 or other applicable IWC Wage Orders, and/or California Code of Regulations, Title 8, section 11090, by failing to authorize, permit, and/or

provide rest periods to its hourly, Non-Exempt Employees for every four (4) hours or major fraction thereof worked and/or failing to pay said employees one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period was not authorized, permitted and/or provided.

(5) Whether Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES willfully failed to pay, in a timely manner, wages owed to members of the proposed Class who left Defendants' and/or DOES' employ or who were terminated.

(6) Whether Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES violated Labor Code section 203, which provides for the assessment of a penalty against the employer, by willfully failing to timely pay all wages owed to employees who left Defendants' and/or DOES' employ or who were terminated.

(7) Whether Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES had uniform policies and/or practices of failing to provide employees accurate and itemized wage statements.

(8) Whether Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES had uniform policies and/or practices of failing to timely pay all wages owed to employees who left Defendants' and/or DOES' employ or who were terminated.

38. The answer to each of these respective questions will generate a common answer capable of resolving class-wide liability in one stroke.

39. Said common questions predominate over any individualized issues and/or questions affecting only individual members.

**C.     Typicality**.

40. The claims of the named Plaintiffs are typical of the claims of the proposed class. Plaintiffs and all members of the proposed class sustained injuries and damages arising out of and caused by Defendants Delaware North Companies Sportservice, Inc.'s; California Sportservice, Inc.'s; San Diego Sportservice, Inc.'s; and/or DOES' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

41. Plaintiffs Melissa Morand- Doxzon and Ross Geraci were subjected to the same uniform policies and/or practices complained of herein that affected all such employees. Thus, as Melissa Morand- Doxzon and Ross Geraci were subjected to the same unlawful policies and practices as all hourly, Non-Exempt Employees, their claims are typical of the class they seek to represent.

**D.     Adequacy of Representation**.

42. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.

43. Plaintiffs are ready and willing to take the time necessary to help litigate this case.

44. Plaintiffs have no conflicts that will disallow them to fairly and adequately represent and protect the interests of the members of the Class.

45. Counsel who represent Plaintiffs are competent and experienced in litigating large employment class actions. The lawyers at Mara Law Firm have been named class counsel in numerous cases and Mr. Mara's, Ms. Serb's, and Ms. Vecchi's practice is primarily focused on representing classes, large and small, on the basis of California Labor Code and IWC Wage Order Violations similar to those alleged herein. The attorneys at the firm are also frequently called upon to and do author amicus briefs on behalf of the Consumer Attorneys of California on cases in the appellate courts and Supreme Court of California

1  involving important issues relating to those alleged herein.

2  46.  David Mara, Esq. and Jill Vecchi, Esq. are California lawyers in good standing.

3  47.  Mara Law Firm, PC has the resources to take this case to trial and judgment, if necessary.

4  48.  Mr. Mara has the experience, ability, and ways and means to vigorously prosecute this

5  case.

6  **E.    Superiority of Class Action.**

7  49.  A class action is superior to other available means for the fair and efficient adjudication of

8  this controversy. Individual joinder of all Class members is not practicable, and questions

9  of law and fact common to the Class predominate over any questions affecting only

10  individual members of the Class. Each member of the Class has been damaged and is

11  entitled to recovery by reason of Defendants Delaware North Companies Sportservice,

12  Inc.'s; California Sportservice, Inc.'s; San Diego Sportservice, Inc.'s; and/or DOES' illegal

13  policies and/or practices of failing to pay all straight time and overtime wages owed, failing

14  to permit or authorize rest periods, failing to provide meal periods, failing to provide

15  suitable resting facilities, knowingly and intentionally failing to comply with wage

16  statement requirements, and failing to pay all wages due at termination.

17  50.  Class action treatment will allow those similarly situated persons to litigate their claims in

18  the manner that is most efficient and economical for the parties and the judicial system.

19  Plaintiff is unaware of any difficulties that are likely to be encountered in the management

20  of this action that would preclude its maintenance as a class action.

21  51.  Because such common questions predominate over any individualized issues and/or

22  questions affecting only individual members, class resolution is superior to other methods

23  for fair and efficient adjudication.

24  / / /

25  / / /

26  / / /

27  / / /

28

# IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN DIEGO SPORTSERVICE, INC.; AND/OR DOES: Failure to Pay All Straight Time Wages**

52. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

53. Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.

54. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 1194 states that an employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. Labor Code section 1194.2 states that an employee receiving less than the legal minimum wage is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

55. Plaintiffs and those similarly situated Class members were employed by Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES at all relevant times. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

56. Defendants and/or DOES have had a continuous policy of not paying Plaintiffs and those

1  similarly situated for all hours worked. Specifically, Defendants Delaware North

2  Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.;

3  and/or DOES fail to pay Non-Exempt Employees for the following time: waiting in line

4  and going through mandatory security checks when Non-Exempt Employees enter and exit

5  the work facility; waiting in line to access time clocks; pre-and post-shift work, and all

6  other time during which Non-Exempt Employees are subject to the control of Defendants

7  Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego

8  Sportservice, Inc.; and/or DOES and/or suffered or permitted to work during periods of

9  time for which Defendants and/or DOES are not paying them. Failing to pay for all hours

10  worked while under Defendants' and/or DOES' control and/or while suffered or permitted

11  to work has resulted in Non-Exempt Employees being deprived of straight time wages

12  throughout the Statutory Period.

13  57.  Defendants and/or DOES have a continuous and consistent policy of clocking-out Plaintiffs

14  and those similarly situated for a thirty (30) minute meal period, even though Plaintiffs and

15  all members of the Class work through their meal periods. Thus, Defendants Delaware

16  North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice,

17  Inc.; and/or DOES do not pay Plaintiffs and each and every member of the Class for all

18  time worked each and every day they work without a meal period and have time deducted.

19  58.  Plaintiffs and those similarly situated Class members are informed and believe and thereon

20  allege that Defendants Delaware North Companies Sportservice, Inc.; California

21  Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES breached the legal duty to

22  pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiffs'

23  and the Class members' actual time records indicate that a meal period was not taken.

24  Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

25  San Diego Sportservice, Inc.; and/or DOES did not make reasonable efforts to determine

26  whether the time deducted was actually worked as reported by Plaintiff and Class members.

27  Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

28

San Diego Sportservice, Inc.; and/or DOES, without a reasonable basis, presumed that actual reported hours had not been accurately reported.

59. Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of Defendants' and/or DOES' uniform policies and/or practices, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES to fully perform their obligations under state law, all to their respective damage in amounts, according to proof at trial.

60. As a direct result of Defendants' and/or DOES' policy of illegal wage theft, Plaintiffs and those similarly situated have been damaged in an amount to be proven at trial.

61. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**SECOND CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN DIEGO SPORTSERVICE, INC.; AND/OR DOES: Failure to Pay All Overtime Wages**

62. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

63. It is fundamental that an employer must pay its employees for all time worked. California Labor Code sections 218 and 218.5 provides a right of action for nonpayment of wages. Labor Code section 222 prohibits the withholding of part of a wage. Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale. Labor Code section 1197 prohibits the payment of less than the minimum wage. Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

64. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

1  San Diego Sportservice, Inc.; and/or DOES failed to pay overtime when employees worked
2  over eight (8) hours per day and when employees worked over forty (40) hours per week.

3  65.  Plaintiffs and those similarly situated Class members were employed by Defendants
4  Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego
5  Sportservice, Inc.; and/or DOES at all relevant times. Defendants and/or DOES were
6  required to compensate Plaintiffs for all overtime hours worked and were prohibited from
7  making deductions that had the effect of reducing the agreed upon wage.

8  66.  Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;
9  San Diego Sportservice, Inc.; and/or DOES failed to pay for the overtime that was due,
10  pursuant to IWC Wage Order No. 5-2001, item 3(A).

11  67.  Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;
12  San Diego Sportservice, Inc.; and/or DOES have had a continuous policy of not paying
13  Plaintiffs and those similarly situated for all overtime hours worked. Specifically,
14  Defendants and/or DOES fail to pay Non-Exempt Employees for the following time:
15  waiting in line and going through mandatory security checks when Non-Exempt
16  Employees enter and exit the work facility; waiting in line to access time clocks; pre-and
17  post-shift work, and all other time during which Non-Exempt Employees are subject to the
18  control of Defendants Delaware North Companies Sportservice, Inc.; California
19  Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES and/or suffered or permitted
20  to work during periods of time for which Defendants and/or DOES are not paying them.
21  Failing to pay for all overtime hours worked while under Defendants' and/or DOES'
22  control and/or while suffered or permitted to work has resulted in Non-Exempt Employees
23  being deprived of overtime wages throughout the Statutory Period.

24  68.  Plaintiffs and the Class members are informed and believe and thereon allege that as a
25  direct result of Defendants' and/or DOES' uniform policies and/or practices, Plaintiffs and
26  the Class members have suffered, and continue to suffer, substantial unpaid overtime
27  wages, and lost interest on such overtime wages, and expenses and attorneys' fees in

28

1  seeking to compel Defendants Delaware North Companies Sportservice, Inc.; California

2  Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES to fully perform their

3  obligations under state law, all to their respective damage in amounts according to proof at

4  time of trial. Defendants Delaware North Companies Sportservice, Inc.; California

5  Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES committed the acts alleged

6  herein knowingly and willfully, with the wrongful and deliberate intention on injuring

7  Plaintiffs and the Class members. Defendants Delaware North Companies Sportservice,

8  Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES acted with

9  malice or in conscious disregard of Plaintiff's and the Class Member's rights. In addition

10  to compensation, Plaintiffs are also entitled to any penalties allowed by law.

11  69.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

12  below.

13  **THIRD CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH
14  COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN
   DIEGO SPORTSERVICE, INC.; AND/OR DOES: Failure to Provide Meal Periods, or
15  Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512, IWC Wage Order No. 5-2001(11);
   Cal. Code Regs., tit. 8, § 11090)**

16
17  70.  Plaintiffs and those similarly situated Class members hereby incorporate by reference each
    and every other paragraph in this Complaint herein as if fully plead.

18
19  71.  Under California Labor Code section 512 and IWC Wage Order No. 5, no employer shall
20    employ any person for a work period of more than five (5) hours without providing a meal
21    period of not less than thirty (30) minutes. During this meal periods of not less than thirty
22    (30) minutes, the employee is to be completely free of the employer's control and must not
23    perform any work for the employer. If the employee does perform work for the employer
24    during the thirty (30) minute meal period, the employee has not been provided a meal
25    period in accordance with the law. Also, the employee is to be compensated for any work
26    performed during the thirty (30) minute meal period.

27  72.  In addition, an employer may not employ an employee for a work period of more than ten
28    (10) hours per day without providing the employee with another meal period of less than

1     thirty (30) minutes.

2 73.   Under California Labor Code section 226.7, if the employer does not provide an employee
3     a meal period in accordance with the above requirements, the employer shall pay the
4     employee one (1) hour of pay at the employee's regular rate of compensation for each
5     workday that the meal period is not provided.

6 74.   Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;
7     San Diego Sportservice, Inc.; and/or DOES failed to provide thirty (30) minute,
8     uninterrupted meal periods to its Non-Exempt Employees for every five (5) continuous
9     hours worked.

10 75.   Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;
11     San Diego Sportservice, Inc.; and/or DOES failed to provide thirty (30) minute,
12     uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of
13     more than five (5) consecutive hours. As such, Defendants' and/or DOES' Non-Exempt
14     Employees were required to work over five (5) consecutive hours at a time without being
15     provided a thirty (30) minute uninterrupted meal period within that time.

16 76.   Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;
17     San Diego Sportservice, Inc.; and/or DOES would not permit Plaintiffs and the Class to
18     take 30-minute meal periods unless specifically scheduled by Defendants and/or DOES or
19     unless Plaintiffs and the Class were expressly told to by Defendants and/or DOES. This
20     routinely resulted in Plaintiffs and the Class members not being able to take a meal period,
21     if at all, until after the fifth hour.

22 77.   Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;
23     San Diego Sportservice, Inc.; and/or DOES failed to provide Non-Exempt Employees with
24     an entire 30-minutes for meal periods wherein Non-Exempt Employees are free of
25     employer control and duties. Specifically, Defendants and/or DOES require all Non-
26     Exempt Employees' to wait in line and go through mandatory security checks as well as
27     wait in line to access time clocks before the 30-minutes are through. Thus, pursuant to

28

Defendants' uniformly applicable policies of only providing 30-minute meal periods, employees cannot be said to receive or be provided with full and complete 30-minute meal periods wherein they are free from employer mandated controls and duties.

78. Defendants' and/or DOES' business model is such that Non-Exempt Employees were assigned too much work to be completed in too short of time frames and insufficient help due to chronic understaffing to be able to take meal periods, resulting in Defendants and/or DOES pressuring Non-Exempt Employees to complete their tasks within the rigorous time frames and not take meal breaks.

79. Throughout the statutory period, Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Defendants and/or DOES discouraging and impeding Non-Exempt Employees from taking meal periods.

80. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES did not have a policy of providing a second meal period before the end of the tenth hour.

81. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES willfully violated the provisions of Labor Code sections 226.7, 512, and IWC Wage Order No. 5.

82. As a result of the unlawful acts of Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, Plaintiffs and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 5-2001. Plaintiffs and the Class they seek to represent did not willfully waive their right to take meal periods through mutual consent with Defendants

1      Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego

2      Sportservice, Inc.; and/or DOES.

3 83.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

4      below.

5 **FOURTH CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH**

6 **COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN**

7 **DIEGO SPORTSERVICE, INC.; AND/OR DOES: Failure to Authorize and Permit Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 5-2001(12); Cal. Code Regs. Title 8 §**

8 **11050)**

9 84.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each

10      and every other paragraph in this Complaint herein, as if fully plead.

11 85.     Under IWC Wage Order No. 5, every employer shall authorize and permit all employees

12      to take rest periods, "[t]he authorized rest period time shall be based on the total hours

13      worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major

14      fraction thereof." IWC Wage Order 5-2001(12). The time spent on rest periods "shall be

     counted as hours worked for which there shall be no deduction from wages." *Id.*

15 86.     Under California Labor Code section 226.7, if the employer does not provide an employee

16      a rest period in accordance with the above requirements, the employer shall pay the

17      employee one (1) hour of pay at the employee's regular rate of compensation for each

18      workday that the meal period is not provided.

19 87.     At all relevant times, Defendants Delaware North Companies Sportservice, Inc.; California

20      Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES failed to authorize and/or

21      permit rest period time based upon the total hours worked daily at the rate of ten (10)

22      minutes net rest time per four (4) hours or major fraction thereof.

23 88.     In the alternative, Defendants' and/or DOES' business model is such that Non-Exempt

24      Employees were assigned too much work to be completed in too short of time frames and

25      insufficient help due to chronic understaffing to be able to take rest periods, resulting in

26      Defendants and/or DOES pressuring Non-Exempt Employees to complete their tasks

27      within the rigorous time frames and not take rest breaks.

28

89. Throughout the statutory period, Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES had a pattern and practice of assigning too much work to be completed in too short of time frames, resulting in Plaintiff and those similarly situated not being able to take rest periods.

90. Throughout the statutory period, Defendants' and/or DOES' policies promoting productivity subjugated Plaintiffs' and Non-Exempt Employees' rights to rest periods.

91. As a result of the unlawful acts of Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, Plaintiffs and the Class they seek to represent have been deprived of premium wages, in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7, and IWC Wage Order No. 5-2001.

92. WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**FIFTH CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN DIEGO SPORTSERVICE, INC.; AND/OR DOES: Failure to Provide Suitable Resting Facilities for Meal or Rest Periods (Lab. Code § 226.7; IWC Wage Order No. 5-2001 §§ 11(E) and (13)(B))**

93. Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein, as if fully plead.

94. Labor Code § 226.7(c) provides:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

95. IWC Wage Order 5-2001, § 11(B) instructs, "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall

1  pay the employee one (1) hour of pay at the employee's regular rate of compensation for

2  each work day that the meal period is not provided."

3  96.  Under IWC Wage Order 5-2001, § 11(C), "[i]n all places of employment where employees

4  are required to eat on the premises, a suitable place for that purpose shall be designated."

5  97.  IWC Wage Order 5-2001, § 13(B) provides, "[s]uitable resting facilities shall be provided

6  in an area separate from the toilet rooms and shall be available to employees during work

7  hours."

8  98.  Throughout the Statutory Period, Defendants Delaware North Companies Sportservice,

9  Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES did not

10  provide Non-Exempt Employees with suitable place to consume their meals or a suitable

11  resting facility in violation of the applicable Wage Order(s). In fact, no separate facilities

12  were made available to Non-Exempt Employees to take a meal or rest period.

13  99.  Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

14  San Diego Sportservice, Inc.; and/or DOES violated the Labor Code and the Wage Order

15  by failing to provide a suitable area in which Plaintiffs and members of the Subclass could

16  eat on premises or take breaks in designated areas. Defendants and/or DOES are therefore

17  liable for one hour of pay as compensation in lieu of a complaint break for each day that

18  they failed to provide Non-Exempt Employees with a suitable on-premises area designated

19  for eating and resting.

20  100.  As a result of the unlawful acts of Defendants Delaware North Companies Sportservice,

21  Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, Plaintiffs

22  and the Class they seek to represent have been deprived of premium wages, in amounts to

23  be determined at trial, and are entitled to recovery of such amounts, plus interest and

24  penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 226.7.

25  101.  WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

26  below.

27  / / /

28

**SIXTH CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN DIEGO SPORTSERVICE, INC.; AND/OR DOES: Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Order No. 5; Cal. Code Regs., Title 8, § 11050)**

102.    Plaintiff Melissa Morand-Doxzon and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

103.    Labor Code section 226 subdivision (a) requires Defendants and/or DOES to, inter alia, itemize in wage statements and accurately report the total hours worked and total wages earned. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff Melissa Morand-Doxzon and members of the proposed Class.

104.    Labor Code section 1174 requires Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES to maintain and preserve, in a centralized location, records showing the daily hours worked by and the wages paid to its employees. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have knowingly and intentionally failed to comply with Labor Code section 1174. The failure of Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

105.    Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES failed to maintain accurate time records - as required by IWC Wage Order No. 5-2001(7), and Cal. Code Regs., Title 8 section 11050 - showing, among other things, when the employee begins and ends each work period, the total daily hours worked in itemized wage statements, total wages, bonuses and/or incentives earned, and all deductions made.

106.    Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

San Diego Sportservice, Inc.; and/or DOES have knowingly and intentionally failed to provide Plaintiff and the Class members with accurate itemized wage statements which show: "(1) gross wages earned, (2) total hours worked by the employee, . . . (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee[.]" Labor Code section 226(a).

107. Under Labor Code section 226.3, "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226." The penalties provided for in Labor Code section 226.3 are in addition to other penalties provided by law.

108. As a direct result of Defendants' and/or DOES' unlawful acts, Plaintiff Melissa Morand-Doxzon and the Class she intends to represent have been damaged and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to Labor Code section 226.

109. WHEREFORE, Plaintiff Melissa Morand-Doxzon and the Class she seeks to represent request relief as described below.

///

**SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN DIEGO SPORTSERVICE, INC.; AND/OR DOES: Failure to Pay All Wages Due at the Time of Termination from Employment (Lab. Code §§ 201-203)**

110.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

111.   Plaintiffs Melissa Morand-Doxzon and Ross Geraci terminated their employment with Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES.

112.   Whether Plaintiffs Melissa Morand-Doxzon and Ross Geraci voluntarily or involuntarily terminated their employment with Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, Defendants and/or DOES did not timely pay them straight time wages owed at the time of their termination.

113.   Whether Plaintiffs Melissa Morand-Doxzon and Ross Geraci voluntarily or involuntarily terminated their employment with Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, Defendants and/or DOES did not timely pay them overtime wages owed at the time of their termination.

114.   Whether Plaintiffs Melissa Morand-Doxzon and Ross Geraci voluntarily or involuntarily terminated their employment with Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, Defendants and/or DOES did not timely pay them meal and/or rest period premiums owed at the time of their termination.

115.   Numerous members of the Class are no longer employed by Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES. They were either fired or quit Defendants' and/or DOES' employ. Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES did not pay all timely wages owed at the time of their termination. Defendants and/or DOES did not pay all premium wages owed at the

1     time of their termination.

2 116.   Labor Code section 203 provides that, if an employer willfully fails to pay, without

3     abatement or reduction, in accordance with Labor Code sections 201, 201.5, 202 and 205.5,

4     any wages of an employee who is discharged or who quits, the wages of the employee shall

5     continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or

6     until an action therefore is commenced.

7 117.   Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

8     San Diego Sportservice, Inc.; and/or DOES failed to pay Plaintiffs Melissa Morand-

9     Doxzon and Ross Geraci a sum certain at the time of their termination or within seventy-

10     two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days

11     thereafter. Pursuant to the provisions of Labor Code section 203, Plaintiffs Melissa

12     Morand-Doxzon and Ross Geraci are entitled to a penalty in the amount of their respective

13     daily wage, multiplied by thirty (30) days.

14 118.   When Plaintiffs and those members of the Class who are former employees of Defendants

15     Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego

16     Sportservice, Inc.; and/or DOES separated from Defendants' and/or DOES' employ,

17     Defendants and/or DOES willfully failed to pay all straight time wages, overtime wages,

18     meal period premiums, and/or rest period premiums owed at the time of termination.

19 119.   Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

20     San Diego Sportservice, Inc.; and/or DOES failure to pay said wages to Plaintiffs Melissa

21     Morand-Doxzon and Ross Geraci and members of the Class they seek to represent, was

22     willful in that Defendants and/or DOES and each of them knew the wages to be due, but

23     failed to pay them.

24 120.   As a consequence of Defendants' and/or DOES' willful conduct in not paying wages owed

25     at the time of separation from employment, Plaintiff Melissa Morand-Doxzon, Plaintiff

26     Ross Geraci, and members of the proposed Class are entitled to thirty (30) days' worth of

27     wages as a penalty under Labor Code section 203, together with interest thereon and

28

1    attorneys' fees and costs.

2    121.   WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described

3    below.

4    **EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH**
**COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.; SAN**
5    **DIEGO SPORTSERVICE, INC.; AND/OR DOES**: Violations of the Private Attorneys
6    General Act of 2004 ("PAGA") (Labor Code §2698 et seq.)

7    122.   Plaintiff Melissa Morand-Doxzon and those similarly situated Class members hereby

8    incorporate by reference each and every other paragraph in this Complaint herein as if fully

9    plead.

10   123.   Plaintiff Melissa Morand-Doxzon, by virtue of her employment with Defendants, and

11   Defendants' failure to provide meal and rest periods, failure to provide suitable resting

12   facilities, overtime compensation, all wages for all work performed at the statutory

13   minimum agreed upon rate, and all wages due at termination, is an aggrieved employee

14   with standing to bring an action under the Private Attorney General Act ("PAGA").

15   Plaintiff, as representative of the people of the State of California, will seek any and all

16   penalties otherwise capable of being collected by the Labor Commission and/or the

17   Department of Labor Standards Enforcement (DLSE). This includes each of the following,

18   as set forth in Labor Code Section 2699.5, which provides that Section 2699.3(a) applies

19   to any alleged violation of the following provisions: Sections 201 through 203, 204, 205.5,

20   221, 222, 223, 226, 226.7, 510, 512, 558, 1174, 1194, 1197, 1197.1, and 1199.

21   124.   Plaintiff Melissa Morand-Doxson is informed and believes that Defendants have violated

22   and continue to violate provisions of the California Labor Code and applicable Wage

23   Orders related to meal and rest periods, suitable resting facilities, overtime compensation,

24   wages for all work performed, all wages due at termination, and wage statement violations.

25   125.   Plaintiff Melissa Morand-Doxzon, as personal representative of the general public, will

26   and does seek to recover any and all penalties for each and every violation shown to exist

27   or to have occurred during the one-year period of Plaintiff Melissa Morand-Doxzon's filing

28   Notice of Labor Code Violations Pursuant to Labor Code Section 2699.3 with the LWDA,

1   in an amount according to proof, as to those penalties that are otherwise only available to

2   public agency enforcement actions.  Funds recovered will be distributed in accordance with

3   PAGA, with at least 75% of the penalties recovered being reimbursed to the State of

4   California and the Labor and Workforce Development Agency (LWDA).

5   **NINTH CAUSE OF ACTION AGAINST DEFENDANTS DELAWARE NORTH**
6   **COMPANIES SPORTSERVICE, INC.; CALIFORNIA SPORTSERVICE, INC.;**
    **SAN DIEGO SPORTSERVICE, INC.; AND/OR DOES**: Violation of Unfair
7   **Competition Law (California Bus. & Prof. Code, § 17200, et seq.)**

8   126.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each

9          and every other paragraph in this Complaint herein as if fully plead.

10  127.   Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.;

11         San Diego Sportservice, Inc.; and/or DOES failure to pay all straight time and overtime

12         wages earned, failure to provide compliant meal and/or rest breaks and/or compensation in

13         lieu thereof, failure to provide suitable resting facilities, failure to itemize and keep accurate

14         records, failure to pay all wages due at time of termination, as alleged herein, constitutes

15         unlawful activity prohibited by California Business and Professions Code section 17200,

16         et seq.

17  128.   The actions of Defendants Delaware North Companies Sportservice, Inc.; California

18         Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES in failing to pay Plaintiff

19         and members of the proposed Class in a lawful manner, as alleged herein, constitutes false,

20         unfair, fraudulent and deceptive business practices, within the meaning of California

21         Business and Professions Code section 17200, et seq.

22  129.   Plaintiffs are entitled to an injunction and other equitable relief against such unlawful

23         practices in order to prevent future damage, for which there is no adequate remedy at law,

24         and to avoid a multiplicity of lawsuits. Plaintiffs bring this cause individually and as

25         members of the general public actually harmed and as a representative of all others subject

26         to Defendants' and/or DOES' unlawful acts and practices.

27  130.   As a result of their unlawful acts, Defendants Delaware North Companies Sportservice,

28         Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES have reaped

1   and continue to reap unfair benefits at the expense of Plaintiffs and the proposed Class they

2   seek to represent. Defendants Delaware North Companies Sportservice, Inc.; California

3   Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES should be enjoined from

4   this activity and made to disgorge these ill-gotten gains and restore Plaintiffs and the

5   members of the proposed Class pursuant to Business and Professions Code section 17203.

6   Plaintiffs are informed and believe, and thereon allege, that Defendants and/or DOES are

7   unjustly enriched through their policy of not all wages owed to Plaintiffs and members of

8   the proposed Class.

131.   Plaintiffs are informed and believe, and thereon allege, that Plaintiff and members of the proposed class are prejudiced by Defendants' and/or DOES' unfair trade practices.

132.   As a direct and proximate result of the unfair business practices of Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, are entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the proposed Class as a result of the business acts and practices described herein and enjoining Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES from engaging in the practices described herein.

133.   The illegal conduct alleged herein is continuing, and there is no indication that Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES will cease and desist from such activity in the future. Plaintiff alleges that if Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES are not enjoined from the conduct set forth in this Complaint, they will continue the unlawful activity discussed herein.

134.   Plaintiffs further request that the Court issue a preliminary and permanent injunction

prohibiting Defendants Delaware North Companies Sportservice, Inc.; California Sportservice, Inc.; San Diego Sportservice, Inc.; and/or DOES from continuing to not pay Plaintiff and the members of the proposed Class overtime wages as discussed herein.

135.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

## V.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

   A.    For the Court to determine that this action may be maintained as a class action;

   B.    For compensatory damages, in an amount according to proof at trial, with interest thereon;

   C.    For economic and/or special damages in an amount according to proof with interest thereon;

   D.    For unpaid straight time and overtime wages, in an amount according to proof at trial, with interest thereon;

   E.    For compensation for all time worked;

   F.    For compensation for not being provided paid rest breaks;

   G.    For compensation for not being provided paid meal periods;

   H.    For compensation for not being provided suitable resting facilities;

   I.    For damages and/or monies owed for failure to comply with itemized employee wage statement provisions;

   J.    For all waiting time penalties owed;

   K.    For Defendants to be found to have engaged in unfair competition in violation of sections 17200 et seq. of the California Business and Professions Code;

   L.    For Defendants to be ordered and enjoined to make restitution to the Class due to their unfair competition, including disgorgement of their wrongfully withheld wages pursuant to California Business and Professions Code sections 17203 and 17204;

1    M.    For an order of specific performance of all penalties owed be issued under Business

2          and Professions Code sections 17202;

3    N.    For Defendants to be enjoined from continuing the illegal course of conduct,

4          alleged herein;

5    O.    For Defendants to be enjoined to cease and desist from unfair competition in

6          violation of section 17200 et seq. of the California Business and Professions Code;

7    P.    For Defendants to be enjoined from further acts of restraint of trade or unfair

8          competition;

9    Q.    For liquidated damages;

10   R.    For attorneys' fees;

11   S.    For interest accrued to date;

12   T.    For penalties for each violation of the Labor Code Private Attorneys General Act

13         of 2004 ("PAGA");

14   U.    For costs of suit and expenses incurred herein; and

15   V.    For any such other and further relief as the Court deems just and proper.

16   Dated: March 4, 2021                    **MARA LAW FIRM, PC**

17

18

19                                     /s/ *Jill Vecchi*
                                   David Mara, Esq.
20                                 Jill Vecchi, Esq.
                                   Representing Plaintiffs MELISSA MORAND-
21                                 DOXZON and ROSS GERACI, on behalf of
                                   themselves, all others similarly situated, and on
22                                 behalf of the general public.

23

24

25

26

27

28